

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000    201-489-1536 FAX
—
NEW YORK
—
DELAWARE
—
MARYLAND

**Leo V. Leyva**
MEMBER

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6294
WRITER'S DIRECT FAX: 201-678-6294
WRITER'S E-MAIL: LLEYVA@COLESCHOTZ.COM

June 30, 2010

**Via Electronic Filing**

The Honorable Donald H. Steckroth, U.S.B.J.
United States Bankruptcy Court
M.L. King Jr. Federal Bldg & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07101-1352

      Re:    In re Chemitek 2006, LLC and Palisades Park Plaza North, Inc.
             Case Nos. 10-28641 and 10-28642 (DHS)
            **Hearing Date: July 14, 2010**

Dear Judge Steckroth:

      This Firm represents the secured lenders, P II River Vale GC Funding, LLC and PRIF II Chemtek, LLC (collectively, the "Secured Lenders"). We submit this Letter Memorandum in further support of the Secured Lenders' motion to dismiss the Chapter 7 petitions of Chemitek 2006, LLC ("Chemitek") and Palisades Park Plaza North, Inc. ("PPPN") (collectively, the "Debtors").

      Shortly after filing the motion to dismiss the Debtors' Chapter 7 petitions, counsel learned that Kwang Keh ("Keh") never consulted with the Chapter 11 trustee (the "Trustee") of Keh's Chapter 11 case[1] before filing the Chapter 7 petitions on June 17, 2010. The Trustee advised that Keh and the Debtors never obtained her consent or approval before filing the recent Chapter 7 cases. As demonstrated in detail below, Keh's stock interest in the Debtors is controlled by the Trustee and constitutes property of Keh's Chapter 11 estate. Keh, therefore, had no standing to sign and file the voluntary Chapter 7 petitions on the Debtors' behalf. As a result, the recent Chapter 7 petitions should be deemed *void ab initio*.

      A debtor's stock interest of a corporation constitutes property of the estate. See In re Cormier, 382 B.R. 377, 386 (Bankr. W.D. Mich. 2008) (holding that the debtor's stock

---

[1] On June 2, 2010, Stacey Meisel, Esq. was appointed the Chapter 11 trustee in Keh's personal Chapter 11 proceeding (Case No. 09-28922 (DHS)).

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
June 30, 2010
Page 2

interest in a corporation became property of the estate upon filing of the debtor's petition); see also In re Milden, 1997 WL 189302, *3 (9th Cir. 1997) (holding that the stock ownership interest in a corporation wholly owned by the debtors became property of the estate upon commencement of the case). Courts have also recognized that a bankruptcy trustee controls the stock interest of the debtor subject to the same restrictions that existed at the time the petition was filed. In re Cormier, 382 B.R. at 386. The Court in Cormier held, in pertinent part, as follows:

> Under § 541, a trustee only takes the stock interest that a debtor had and takes the stock subject to the same restrictions that existed at the time the debtor filed the petition. When a bankruptcy case is filed, the debtor's interest in the asset is not changed; rather, the trustee replaces the debtor to assert the interest.

Id. at 386-87 (citing Matter of Sanders, 969 F.2d 591, 593 (7th Cir. 1992) (A "basis tenet of bankruptcy law [is] that a bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition.")).

By operation of law, the Trustee of Keh's estate controls Keh's majority stock interest in Chemitek and his 100% stock interest in PPPN and possesses all of Keh's rights in the stock. See Cormier, 382 B.R. at 387 (holding the by operation of law, the trustee became the shareholder of the corporation and possessed all of the debtors' rights in the stock under state law). Keh, therefore, lacked standing to sign and file the Chapter 7 petitions for Chemitek and PPPN.

In addition, Keh failed to obtain the Trustee's consent and approval to file the Chapter 7 petitions.[2] Considering the applicable case law which prohibits Keh from exercising his powers as shareholder of Chemitek and PPPN, Keh should have, at a minimum, consulted with the Trustee before filing the Chapter 7 petitions. Keh's failure to do so further demonstrates that the Chapter 7 petitions were filed in bad faith and serves no legitimate purpose whatsoever. Moreover, because the state court Receiver has been managing and operating the River Vale Country Club for the past twenty (20) months, Keh did not have authority as the "manager" to file the Chapter 7 petitions.

---

[2] On June 28, 2010, Stacey Meisel spoke with counsel for the Secured Lenders and confirmed that: (i) she was not contacted by Keh and/or the Debtors before the filing of the recent Chapter 7 petitions; (ii) she never authorized the filing of the Chapter 7 petitions; and (iii) she has no intention of continuing the Debtors' cases in Chapter 7.

42952/0017-6844087v1

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
June 30, 2010
Page 3

  Keh's lack of standing to file the Chapter 7 petitions on the Debtors' behalf requires dismissal of these petitions. Even if Keh had standing to file the Chapter 7 petitions, which is contrary to applicable case law, the Chapter 7 petitions should be dismissed as bad faith filings pursuant to 11 U.S.C. § 707(a).

  For these reasons, and those set forth in the Secured Lenders' moving papers, the Court should grant the motion to dismiss the Debtors' Chapter 7 petitions pursuant to 11 U.S.C. § 707(a).

          Respectfully submitted,

          */s/ Leo V. Leyva*

          Leo V. Leyva

JTK:dmb
cc: David S. Hong, Esq. (Via E-mail)
   David Wolff, Esq. (Via E-mail)
   Joseph Schwartz, Esq. (Via E-mail)
   Stacey L. Meisel, Esq. (Via Facsimile, 973-422-9122)
   James T. Kim, Esq.