**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law — A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000   201-489-1536 FAX
—
NEW YORK
—
DELAWARE
—
MARYLAND

Leo V. Leyva
MEMBER

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6294
WRITER'S DIRECT FAX: 201-678-6294
WRITER'S E-MAIL: LLEYVA@COLESCHOTZ.COM

July 12, 2010

**Via Electronic Filing**

The Honorable Donald H. Steckroth, U.S.B.J.
United States Bankruptcy Court
M.L. King Jr. Federal Bldg & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07101-1352

      Re:    In re Chemitek 2006, LLC and Palisades Park Plaza North, Inc.
             Case Nos. 10-28641 and 10-28642 (DHS)
            **Hearing Date: July 14, 2010**

Dear Judge Steckroth:

     This Firm represents the secured lenders, P II River Vale GC Funding, LLC and PRIF II Chemtek, LLC (collectively, the "Secured Lenders"). Please accept this Letter Memorandum in response to the Chapter 7 Trustee's objection to the Secured Lenders' motion to dismiss the Chapter 7 petitions pursuant to 11 U.S.C. § 707(a).

**Introduction**

     The Chapter 7 Trustee's opposition fails to provide any compelling reason to ignore the tortured history of these proceedings and to continue the Chapter 7 cases of Chemitek 2006, LLC ("Chemitek") and Palisades Park Plaza North, Inc. ("PPPN") (collectively, the "Debtors"). For unknown reasons, the Chapter 7 Trustee, rather than the Debtors, has become the advocate for reviving the Debtors' bankruptcy proceedings, which were properly dismissed by the Court on May 19, 2010, and June 16, 2010.

     In fact, the Chapter 7 Trustee's opposition is nothing more than a summary of the same arguments previously raised by Chemitek's counsel (Sam Della Fera, Esq.), in opposition to the Secured Lenders' motion to dismiss the involuntary Chapter 7 petition which were filed by Chemitek's minority shareholders. The Chapter 7 Trustee conveniently ignores the fact Chemitek's counsel specifically requested the appointment of a Chapter 7 trustee to market and sell the Mortgaged Properties (see Tr., June 16, p. 27, lines 6-7, 21-25; p. 35, lines 15-20), which is what the Chapter 7 Trustee seeks to accomplish in these cases.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
July 12, 2010
Page 2

Because this Court already considered those arguments which were raised by the Debtors in the Chapter 11 and involuntary Chapter 7 proceedings, there is no basis to allow these cases to proceed based on the same arguments being advanced by the Chapter 7 Trustee.

More importantly, there are key and critical threshold issues that require the summary dismissal of the Debtors' Chapter 7 petitions. First, the petitioners (Chemitek and PPPN) have failed to demonstrate that the Chapter 7 petitions were filed in good faith. In fact, the Debtors have failed to file any opposition to the Secured Lenders' dismissal motion. The Chapter 7 Trustee has also failed to demonstrate that the Chapter 7 petitions were filed for a legitimate purpose other than to stay the Secured Lenders' state court foreclosure actions. In addition, the Chapter 7 Trustee has failed to properly address the Chapter 11 Trustee and Secured Lenders' argument that Kwang Keh ("Keh") did not have the requisite authority to file the Chapter 7 petitions on the Debtors' behalf. Finally, the Chapter 7 Trustee has failed to address the applicable case law cited in the Chapter 11 Trustee's Letter Memorandum dated July 6, 2010, and those cited in the Secured Lenders' Letter Memorandum dated June 30, 2010, and July 7, 2010, which confirm beyond question that Keh lacked the authority to file the Chapter 7 petitions.

The Debtors have blatantly continued to abuse the bankruptcy process for the sole purpose of obtaining a stay of the Secured Lenders' foreclosure actions. The Chapter 7 Trustee cannot refute those facts, nor can he change the tortured history of these proceedings, the Debtors' fraud upon this Court and other bad faith conduct which directly resulted in dismissal of the Chapter 11 petitions and the involuntary Chapter 7 petition. For these reasons, and those set forth below and in the Secured Lenders' moving papers, the Chapter 7 petitions should be dismissed, among other reasons, as bad faith filings pursuant to 11 U.S.C. § 707(a).

## Legal Argument

I. **THE PETITIONERS AND CHAPTER 7 TRUSTEE HAVE FAILED TO DEMONSTRATE THAT THE CHAPTER 7 PETITIONS WERE FILED IN GOOD FAITH.**

The Trustee has failed to address the controlling Third Circuit case law regarding the petitioner's burden of proof as to a good faith filing. Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the **petitioner** fails to demonstrate his good faith in filing. In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000) (holding that the bankruptcy court property found that the debtor failed to demonstrate that the Chapter 7 petition was filed in good faith). Courts have held that once a party calls into question a petitioner's good faith, the burden shifts to the **petitioner** to prove his good faith. See id. (citing In re Marks, 174 B.R. 37 (E.D. Pa. 1994)).

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
July 12, 2010
Page 3

Here, Keh filed the petitions on behalf of Chemitek and PPPN. Keh and the Debtors have not filed any opposition to the Secured Lenders' motion to dismiss. Pursuant to controlling case law, it is the petitioner's burden (not the Chapter 7 Trustee's burden) to demonstrate a good faith filing. Keh and the Debtors' utter failure to meet their burden of demonstrating that the Chapter 7 petitions were filed in good faith is absolutely fatal to these Chapter 7 cases.

The undisputable facts establish that Keh filed the Chapter 7 petitions shortly after the dismissal of the Debtors' Chapter 11 petitions and one (1) day after dismissal of the involuntary Chapter 7 petition. The Chapter 7 Trustee and Debtors cannot deny that the Chapter 7 petitions were filed to obtain a stay of the pending foreclosure sale of the Mortgaged Properties. The Chapter 7 Trustee's contention that the Secured Lenders' claim in excess of $21 million is "unclear," is completely baseless and contrary to the express terms of the controlling loan documents and mortgages that have been recorded against the Mortgaged Properties. The Debtors have not, and cannot, dispute that the Secured Lenders have valid and binding mortgages against the Mortgaged Properties and that the Secured Lenders have properly perfected their security interest in the Debtors' assets and properties. (See McLain Reply Aff., March 11, 2010, ¶ 11, 14.)

In addition, the cases relied upon by the Chapter 7 Trustee for the proposition that the Debtors' petitions were not filed in bad faith are easily distinguishable and do not apply to the facts and circumstances of these proceedings. For example, the Chapter 7 Trustee relies on Fasteck Production, LLC, 2010 WL 1463401(Bankr. E.D. Ok. 2010), for the proposition that it is not bad faith to file a Chapter 7 case to avoid collection actions from primary creditors and to avoid a receiver's management of the debtor's affairs. Fasteck, unlike this case, did not involve a debtor that filed a Chapter 7 petition shortly after the dismissal of the debtor's Chapter 11 petition and an involuntary Chapter 7 petition.

The Chapter 7 Trustee also relies on In re Kane & Kane, 406 B.R 163, 168 (Bankr. S.D. Fla. 2009), for the proposition that a Chapter 7 case should only be dismissed based on bad faith where the debtor has taken advantage of the court's jurisdiction in a manner abhorrent to the purposes of Chapter 7. The Kane case is easily distinguishable considering it involved a debtor law firm that engaged in unethical conduct before the filing of its Chapter 11 petition.

In Kane, the state court entered a judgment against the debtor (a law firm) and found that the debtor acted in concert with other co-counsel to conceal from the judgment creditors (co-counsel) a settlement of the action they were prosecuting together. The state court found that the debtor and their co-defendants acted to "maximize their own legal fees and to limit the legal fees payable to the judgment creditors." Id. at 168. The state court also noted multiple potential violations of the Florida Rules of Professional Conduct and stated that it had referred the matter to the Florida Bar for potential disciplinary action. The bankruptcy

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Attorneys at Law

The Honorable Donald H. Steckroth
July 12, 2010
Page 4

court, in granting the judgment creditors' motion to dismiss the Chapter 11 petition, stated that "the state court findings leave little doubt that the evidence presented at trial was, to put it plainly, damning with regard to the actions of the Debtors." Id.

Here, unlike Kane, Keh and the Debtors committed a fraud upon the bankruptcy court. This Court specifically held on May 18, 2010, that "there was a fraud committed on this Court." (See Tr., May 18, p. 16, line 11.) This Court also held that the Debtors have abused the Court and the bankruptcy process. (See Tr., May 18, p. 16, lines 17-18.) In fact, this Court referred this matter to the U.S. Attorney's Office. The Chapter 7 Trustee has failed to cite to any legal authority that affords a debtor the right to proceed in Chapter 7 after the debtor's Chapter 11 case was dismissed for fraudulent and bad faith conduct committed upon the bankruptcy court.[1] Similarly, the Chapter 7 Trustee has failed to cite to any case law that permits the filing of a Chapter 7 petition immediately after an involuntary Chapter 7 petition was dismissed for, among other reasons, bad faith and abusive filing pursuant to 11 U.S.C. § 707(a). The unrefuted facts confirm that Keh and the Debtors have abused the bankruptcy process and filed their new Chapter 7 petitions in bad faith as well, mandating immediate dismissal of the Chapter 7 petitions.[2]

Finally, the Chapter 7 Trustee's attempt to distinguish the Schaefer Salt case on the basis that the debtor there was involved in a two-party dispute with its secured creditor is unpersuasive and contrary to this Court's prior and specific holdings. The Chapter 7 Trustee conveniently ignores the fact that this Court specifically held on June 16, 2010, that this matter is "essentially a two-party dispute" between Chemitek and the Secured Lenders. (See Tr., June 16, p. 45, lines 24-25.) The Schaefer Salt case is directly on point and involved a debtor that filed a Chapter 7 petition shortly after the dismissal of its Chapter 11 case "for no apparent reason other than to cause the automatic stay to again kick in." Id. at 94. The bankruptcy court specifically noted its frustration with the repeat bankruptcy filings

---

[1] The Chapter 7 Trustee also cites to In re Adell, 328 B.R. 850 (Bankr. M.D. Fla. 2005), which involved a creditor's stay relief motion in a case converted from Chapter 11 to Chapter 7. The Court in Adell held that a delay in payment of a judgment creditor's claim did not constitute "cause" for granting stay relief. Adell, unlike the facts present here, did not involve a debtor that committed fraud upon the bankruptcy court.

[2] The Chapter 7 Trustee would like this Court to simply ignore the fraud that Keh and the Debtors committed on this Court. The Trustee's position is untenable and essentially affords debtors the right to commit a fraud upon the bankruptcy court in a Chapter 11 proceeding and still have the opportunity to file a Chapter 7 petition in the event the Chapter 11 cases are dismissed for bad faith. Clearly, the bankruptcy process was not designed to afford debtors the ability to obtain a "fresh start" in Chapter 7 after the dismissal of the their Chapter 11 cases for bad faith. The Debtors and the Chapter 7 Trustee simply have failed to demonstrate a legitimate basis to proceed with these Chapter 7 cases after the recent dismissal of the Debtors' Chapter 11 petitions and the involuntary Chapter 7 petition.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
July 12, 2010
Page 5

and concluded that "both the 11 filing and most particularly the 7 filing were, in fact, abuse of the bankruptcy process." Id. at 95. The same facts are present here.

The Debtors and the Chapter 7 Trustee have failed to demonstrate that the Chapter 7 petitions were filed for a legitimate purpose in the spirit of the bankruptcy laws. Because Keh and the Debtors' bad faith actions constitute a mockery of the bankruptcy process, the Court should grant the Secured Lenders' motion to dismiss the Debtors' Chapter 7 petitions.

## II. KEH HAD NO AUTHORITY TO FILE THE CHAPTER 7 PETITIONS WITHOUT THE CONSENT AND APPROVAL OF HIS CHAPTER 11 TRUSTEE.

As demonstrated in the Secured Lenders' Letter Memorandum dated June 30, 2010, and the Chapter 11 Trustee's Letter Memorandum dated July 6, 1010, Keh's stock interest in the Debtors is controlled by the Chapter 11 Trustee in Keh's personal Chapter 11 proceeding and constitutes property of Keh's estate. Keh failed to obtain the Chapter 11 Trustee's consent and approval to file the Chapter 7 petitions. Keh, therefore, had no standing to sign and file the voluntary Chapter 7 petitions for Chemitek and/or PPPN. See In re Cormier, 382 B.R. 377, 386 (Bankr. W.D. Mich. 2008) (holding that the debtor's stock interest in a corporation became property of the estate upon filing of the debtor's petition); In re A-Z Elec., LLC, 350 B.R. 886 (Bank. D. Idaho 2006) (holding that individual debtor who owned 100% of the membership interest in the corporate debtor lacked authority to file corporate debtor's Chapter 11 petition considering all of the individual debtor's interest in the corporate debtor were property of his bankruptcy estate and the trustee was the only one entitled to authorize the Chapter 11 filing); In re Ashley Albright, 291 B.R. 538 (Bankr. D. Colo. 2003) (holding that "because the Trustee became the sole member of [the] LLC upon the Debtor's bankruptcy filing, the Trustee now controls directly or indirectly, all governance of that entity, including decisions regarding liquidation of the entity's assets").

The Chapter 7 Trustee has failed to address any of the applicable bankruptcy case law for obvious reasons -- Keh unquestionably had no standing to file the Chapter 7 petitions without the consent of his Chapter 11 Trustee. The Chapter 11 Trustee's July 6th submission unequivocally confirms that she was not consulted before Keh filed the Chapter 7 petitions. Keh and the Debtors have failed to respond to this critical issue and the case law which overwhelmingly establishes that the unauthorized Chapter 7 petitions must be summarily dismissed.[3]

---

[3] For obvious reasons, the Chapter 7 Trustee's reference to general New Jersey case law regarding a corporation's board of directors is a poor attempt is addressing the controlling law that Keh was not authorized to file the Chapter 7 petitions.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

The Honorable Donald H. Steckroth
July 12, 2010
Page 6

The Chapter 7 Trustee's argument that the Chapter 11 Trustee did not "oust" Keh from management of the Debtors is disingenuous and advanced without any supporting legal authority. The Chapter 7 Trustee is well aware that the state court Receiver has been managing and operating the golf course for the past twenty (20) months. Per Court Order, Keh has not been involved in the day-to-day management of the golf course since the Receiver's appointment in August 2008. The Chapter 7 Trustee's attempts to avoid the critical facts, controlling case law and this Court's prior rulings require immediate dismissal of the Debtors' Chapter 7 petitions.

## Conclusion

The Debtors have failed to demonstrate their good faith in filing these Chapter 7 petitions shortly after the dismissal of their Chapter 11 cases and the involuntary Chapter 7 petition. Keh is once again exploiting the bankruptcy court process to gain a litigation advantage over the Secured Lenders and to prevent them from exercising their enforcement rights with respect to the Mortgaged Properties. The tortured history of these proceedings and Keh's steadfast commitment to fraud, bad faith and abuse of the courts warrant the issuance of sanctions. In addition, Keh lacked the authority to file the Chapter 7 petitions without the consent and approval of his Chapter 11 Trustee. Given the absence of any good faith surrounding the prior insolvency petitions and the filing of the recent Chapter 7 petitions without the consent of his Chapter 11 Trustee, as well as the unmitigated bad faith motivations of Keh, the voluntary Chapter 7 petitions should be dismissed immediately and sanctions should be imposed against Keh and the Debtors.

The Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,

*/s/ Leo V. Leyva*

Leo V. Leyva

JTK:dmb
cc:    David S. Hong, Esq. (Via E-mail)
David Wolff, Esq. (Via E-mail)
Joseph Schwartz, Esq. (Via E-mail)
Stacey L. Meisel, Esq. (Via Facsimile, 973-422-9122)
James T. Kim, Esq.